# EXHIBIT A

# JAPAN

## Extradition

*Treaty, with exchange of notes, signed at Tokyo March 3, 1978;*
*Ratification advised by the Senate of the United States of America*
  *November 30, 1979;*
*Ratified by the President of the United States of America*
  *December 13, 1979;*
*Ratified by Japan February 19, 1980;*
*Ratifications exchanged at Washington February 25, 1980;*
*Proclaimed by the President of the United States of America*
  *March 4, 1980;*
*Entered into force March 26, 1980.*

---

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

## A PROCLAMATION

CONSIDERING THAT:

The Treaty on Extradition between the United States of America and Japan, together with a related exchange of notes, was signed at Tokyo on March 3, 1978, the text of which, in the English and Japanese languages, is hereto annexed;

The Senate of the United States of America by its resolution of November 30, 1979, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Treaty, together with a related exchange of notes;

The Treaty, together with a related exchange of notes, was ratified by the President of the United States of America on December 13, 1979, in pursuance of the advice and consent of the Senate, and was duly ratified on the part of Japan;

It is provided in Article XVI of the Treaty that the Treaty shall enter into force on the thirtieth day after the date of the exchange of the instruments of ratification;

The instruments of ratification of the Treaty were exchanged at Washington on February 25, 1980; and accordingly the Treaty, together with the exchange of notes, will enter into force on March 26, 1980;

Now, THEREFORE, I, Jimmy Carter, President of the United States of America, proclaim and make public the Treaty, together with a related exchange of notes, to the end that they shall be observed and fulfilled with good faith on and after March 26, 1980, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this fourth day of March in the year of our Lord one thousand nine hundred eighty and of the Independence of the United States of America the two [SEAL]   hundred fourth.

JIMMY CARTER

By the President:
   CYRUS VANCE
     *Secretary of State*

TIAS 9625

TREATY ON EXTRADITION BETWEEN
THE UNITED STATES OF AMERICA AND JAPAN

The United States of America and Japan,

Desiring to make more effective the cooperation of the two countries for the repression of crime,

Have agreed as follows:

## ARTICLE I

Each Contracting Party undertakes to extradite to the other Party, in accordance with the provisions of this Treaty, any person found in its territory and sought by the other Party for prosecution, for trial, or to execute punishment for any offense specified in paragraph 1 of Article II.  When the offense was committed outside the territory of the requesting Party, the conditions specified in paragraph 1 of Article VI, inter alia, shall be applied.

## ARTICLE II

1. Extradition shall be granted in accordance with the provisions of this Treaty for any offense listed in the Schedule annexed to this Treaty, which forms an integral part of this Treaty, when such an offense is punishable by the laws of both Contracting Parties by death, by life imprisonment, or by deprivation of liberty for a period of more than one year; or for any other offense when such an offense is punishable by the federal laws of the United

TIAS 9625

States and by the laws of Japan by death,
by life imprisonment, or by deprivation of
liberty for a period of more than one year.

Extradition shall be granted for any offense
of which one of the above-mentioned offenses is
a substantial element, even if, for purposes
of granting federal jurisdiction to the United
States Government, interstate transporting, or
the use of the mails or other interstate facili-
ties is also an element of the specific offense.

2. In the case in which the person sought has
been sentenced by a court of the requesting
Party for any offense to which paragraph 1
applies, extradition shall be granted only if
the person has been sentenced to death or if
the sentence remaining to be served is at least
four months.

## ARTICLE III

Extradition shall be granted only if there
is sufficient evidence to prove either that
there is probable cause to suspect, according
to the laws of the requested Party, that the
person sought has committed the offense for
which extradition is requested or that the
person sought is the person convicted by a
court of the requesting Party.

## ARTICLE IV

1. Extradition shall not be granted under this
Treaty in any of the following circumstances:

(1) When the offense for which extradition
is requested is a political offense or when

it appears that the request for extradition
is made with a view to prosecuting, trying or
punishing the person sought for a political
offense.  If any question arises as to the
application of this provision, the decision
of the requested Party shall prevail.

(2) When the person sought has been prose-
cuted or has been tried and convicted or ac-
quitted by the requested Party for the offense
for which extradition is requested.

(3) In the case of a request for extradition
emanating from Japan, when the prosecution of
the offense for which extradition is requested
would be barred by lapse of time, under the
laws of the United States.

(4) In the case of a request for extradition
emanating from the United States, when the
imposition or the execution of punishment for
the offense for which extradition is requested
would be barred by reasons prescribed under
the laws of Japan, including lapse of time;

    (a) if Japan were to have jurisdiction
        over the offense, or

    (b) if Japan in fact has such juris-
        diction and the trial were to be
        held in its court.

2. The requested Party may refuse extradition
when the person sought has been tried and
acquitted, or has undergone the execution of
punishment in a third State for the offense
for which extradition is requested.

3. When the person sought has been prosecuted or has not undergone the execution of punishment in the territory of the requested Party for an offense other than that for which extradition is requested, the requested Party may defer his surrender until the conclusion of the trial and the full execution of any punishment he may be or may have been imposed.

## ARTICLE V

The requested Party shall not be bound to extradite its own nationals, but it shall have the power to extradite them in its discretion.

## ARTICLE VI

1. When the offense for which extradition is requested has been committed outside the territory of the requesting Party, the requested Party shall grant extradition if the laws of that Party provide for the punishment of such an offense committed outside its territory, or if the offense has been committed by a national of the requesting Party.

2. For the purposes of this Treaty, the territory of a Contracting Party means all areas of land, water and airspace under the sovereignty or authority of that Contracting Party, including any vessel registered in that Contracting Party, and any aircraft registered in that Contracting Party provided that the aircraft is in flight. For the purposes of this provision an aircraft shall be considered

to be in flight at any time from the moment
when all its external doors are closed follow-
ing embarkation until the moment when any such
door is opened for disembarkation.

## ARTICLE VII

1. The requesting Party shall not, except in
any of the following circumstances, detain,
prosecute, try nor punish a person surrendered
under this Treaty for an offense other than
that for which extradition has been granted,
nor extradite him to a third State, provided
that these stipulations shall not apply to
offenses committed after the extradition:

(1) When he has left the territory of the
requesting Party after his extradition and
has voluntarily returned to it.

(2) When he has not left the territory of
the requesting Party within forty-five days
from the day when he has been set free to do
so.

(3) When the requested Party has consented
to his detention, prosecution, trial or punish-
ment for an offense other than that for which
extradition has been granted or to his ex-
tradition to a third State.

2. The requesting Party may detain, prosecute,
try or punish the person surrendered under
this Treaty for any offense for which ex-
tradition is to be granted in accordance with
paragraph 1 of Article II, in so far as such

TIAS 9625

measures are instituted upon the basic facts which constitute the offense for which extradition has been granted.

### ARTICLE VIII

1. The request for extradition shall be made through the diplomatic channel.

2. The request for extradition shall be accompanied by:

   (a) Documents which describe the identity of the person sought;

   (b) A statement of the facts of the case;

   (c) The texts of the laws describing the essential elements and the designation of the offense for which extradition is requested;

   (d) The texts of the laws describing the punishment for the offense; and

   (e) The texts of the laws describing the time limit on the prosecution or the execution of punishment for the offense.

3. When the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:

   (a) A copy of the warrant of arrest issued by a judge or other judicial officer of the requesting Party;

   (b) Evidence proving that the person sought is the person to whom the warrant of arrest refers; and

  (c) Such evidence as would provide probable cause to suspect, according to the laws of the requested Party, that the person sought has committed the offense for which extradition is requested.

4. When the request for extradition relates to a convicted person, it shall be accompanied by:

  (a) A copy of the judgment of conviction imposed by a court of the requesting Party;

  (b) Evidence proving that the person sought is the person to whom the conviction refers; and

  (c) (i) A copy of the warrant of arrest, if the convicted person was not sentenced; or

   (ii) A copy of the sentence imposed and a statement showing to what extent the sentence has not been carried out, if the convicted person was sentenced.

5. The request for extradition shall be accompanied by all other information as may be required by the laws of the requested Party.

6. All the documents to be submitted by the requesting Party in accordance with the provisions of this Treaty shall be duly certified as required by the laws of the requested Party, and accompanied by a duly certified translation in the language of the requested Party.

7. If the executive authority of the requested
Party considers that the information furnished
in support of the request for extradition of a
person sought is not sufficient to fulfill the
requirements of this Treaty, that authority
shall so notify the requesting Party, in order
to enable the requesting Party to submit ad-
ditional information before that authority
determines whether to submit the request to
a court of the requested Party.  That authority
may fix a time limit for the submission of such
information.

## ARTICLE IX

1. In case of urgency the requested Party may
provisionally detain the person to be sought
when the requesting Party submits an appli-
cation for provisional detention through the
diplomatic channel, notifying the requested
Party that a warrant of arrest has been issued
or a sentence imposed for an offense for which
extradition is to be granted in accordance with
paragraph 1 of Article II and assuring the
requested Party that a request for extradition
will be made.  The application for provisional
detention shall describe the identity of the
person to be sought and the facts of the case,
and shall contain such further information as
may be required by the laws of the requested
Party.

2. If the requesting Party fails to present
the request for extradition within forty-five
days from the date of provisional detention,

the person detained shall be set at liberty, provided that this stipulation shall not prevent the requested Party from instituting a proceeding with a view to extraditing the person sought if a request for extradition is subsequently received.

### ARTICLE X

When a person sought advises a court or other competent authorities of the requested Party that he waives his rights to internal procedures required for his extradition, that Party shall take all necessary measures to expedite the extradition to the extent permitted under its laws.

### ARTICLE XI

The requested Party, upon receiving requests from the other Contracting Party and from a third State or States for the extradition of the same person either for the same offense or for different offenses, shall determine to which of the requesting States it will extradite that person.

### ARTICLE XII

1. The requested Party shall promptly communicate to the requesting Party through the diplomatic channel the decision on the request for extradition.

2. If an order to surrender has been issued by

the competent authority of the requested Party
and the requesting Party fails to receive the
person sought within such time as may be
stipulated by the laws of the requested Party,
it may set him at liberty and may subsequently
refuse to extradite that person for the same
offense.  The requesting Party shall promptly
remove the person received from the territory
of the requested Party.

### ARTICLE XIII

To the extent permitted under the laws of
the requested Party and subject to the right
of third parties, all articles acquired as a
result of the offense or which may be required
as evidence shall be surrendered if extradition
is granted.

### ARTICLE XIV

1. The requested Party shall make all neces-
sary arrangements with respect to internal
procedures, including the detention of the
person sought, arising out of the request for
extradition and bear the expenses by reason
thereof, provided that expenses incurred for
the transportation of the person ordered to be
surrendered shall be paid by the requesting
Party.

2. The requested Party shall not make any
pecuniary claim against the requesting Party
by reason of any compensation paid to a person
sought for the damages caused to him by his

detention, examination or surrender under the provisions of this Treaty.

ARTICLE XV

1. Each Contracting Party shall grant to the other Party the right to transport through its territory a person surrendered to the other Party by a third State on request made through the diplomatic channel except in any of the following circumstances:

(1) When the criminal act which has given rise to the extradition would not constitute an offense under the laws of the Contracting Party through which transit is requested.

(2) When the criminal act which has given rise to the extradition is a political offense or when it appears that the request for extradition is made with a view to prosecuting, trying or punishing the person surrendered for a political offense. If any question arises as to the application of this provision, the decision of the Contracting Party through which transit is requested shall prevail.

(3) When reasons of public order are opposed to transit.

2. In the case above, the Contracting Party to which extradition has been granted shall reimburse the Contracting Party through whose territory transportation has been made for any expenses incurred by the latter in connection with such transportation.

### ARTICLE XVI

1. This Treaty shall be subject to ratification and the instruments of ratification shall be exchanged at Washington as soon as possible. It shall enter into force on the thirtieth day after the date of the exchange of the instruments of ratification.[1]

2. This Treaty shall also apply to any offense specified in paragraph 1 of Article II committed before this Treaty enters into force.

3. On the entry into force of this Treaty, the Treaty of Extradition signed at Tokyo on April 29, 1886[2] and the Supplementary Convention of Extradition signed at Tokyo on May 17, 1906[3] between the United States of America and Japan shall terminate, provided that any extradition case pending in the requested Party at the time this Treaty enters into force shall remain subject to the procedures specified in the above-mentioned Treaty of Extradition and the Supplementary Convention of Extradition.

4. Either Contracting Party may terminate this Treaty at any time by giving six months' written notice to the other Party.

IN WITNESS WHEREOF, the undersigned, being duly authorized thereto by their respective Governments, have signed this Treaty.

DONE in duplicate, in the English and Japanese languages, both equally authentic,

---

[1] Mar. 26, 1980.
[2] TS 191 ; 24 Stat. 1015.
[3] TS 454 ; 34 Stat. 2951.

at Tokyo, this third day of March, one
thousand nine hundred and seventy-eight.

For the United States of America:

*Michael J. Mansfield* [1]

For Japan:

*Sunao Sonoda* [2]

[SEAL]                    [SEAL]

---

[1] Michael J. Mansfield.
[2] Sunao Sonoda.

### SCHEDULE

1. Murder, manslaughter, including causing death through solicitation or assistance

2. Assault made with intent to commit murder

3. Malicious wounding, injury or assault

4. Illegal abortion

5. Abandonment which causes bodily harm or death

6. An offense relating to kidnapping, abduction or unlawful arrest or imprisonment

7. Threat

8. Rape, indecent assault

9. An offense relating to pandering or prostitution

10. An offense relating to obscene material

11. Bigamy

12. Burglary

13. Robbery

14. Larceny

15. Extortion, blackmail

16. Fraud (obtaining property, money, valuable securities, or other things of economic value by false pretenses or by fraudulent means)

17. Embezzlement, breach of trust by a person who is in a fiduciary relationship

18. An offense relating to unlawfully obtained property

19. An offense relating to damage of property, documents, or facilities

20. An offense against the laws relating to protection of industrial property or copyright

21. Obstruction of business by violence or threat

22. Arson, burning through gross negligence

23. Leading, directing or inciting a riot

24. An offense against the laws relating to protection of public health

25. An offense endangering public safety through explosion, water power or other destructive means

26. Piracy according to the law of nations

27. An offense relating to unlawful seizure or exercise of control of trains, aircraft, vessel or other means of transportation

28. An offense interfering with or endangering the normal operation of trains, aircraft, vessel or other means of transportation

29. An offense against the laws relating to the control of explosive substances, incendiary devices or dangerous or prohibited weapons

30. An offense against the laws relating to the control of narcotic drugs, cannabis, psychotropic drugs, cocaine, or their precursors or derivatives, or other dangerous drugs or chemicals

31. An offense against the laws relating to the control of poisons or other substances injurious to health

32. An offense relating to forgery or counterfeiting

33. An offense against the laws relating to the control of gambling or lotteries

34. Assault or threat upon public official relating to the execution of his duty

35. An offense relating to false statements

36. An offense relating to perjury

78-741 0 - 81 - 58

37. An offense relating to escape from confinement of a person detained or serving a sentence for an offense specified in paragraph 1 of Article II of this Treaty

38. An offense relating to obstruction of justice, including harboring criminals and suppressing or destroying evidence

39. Bribery

40. An offense relating to abuse of official authority

41. An offense against the laws relating to the control of public elections or political contributions and expenditures

42. An offense relating to willful evasion of taxes and duties

43. An offense against the laws relating to the control of companies or other corporations

44. An offense against the laws relating to bankruptcy or rehabilitation of a company

45. An offense against the laws relating to prohibition of private monopoly or unfair business transactions

46. An offense against the laws relating to the control of exportation and importation or international transfer of funds

47. Attempt, conspiracy, assistance, solicitation, preparation for, or participation in, the commission of any of the above-mentioned offenses