# EXHIBIT B

# Declaration

1. I am a citizen and resident of Japan. I passed the Japanese bar examination in October 1997 and became a public prosecutor in April 2000. From 2011 to 2014, I worked as a First Secretary of the Embassy of Japan in the United States, representing the Ministry of Justice in the United States. From 2016 to 2019, I worked as the Deputy Director of the International Affairs Division, Criminal Affairs Bureau, Ministry of Justice. Since April 2019, I have worked as a public prosecutor for the Special Investigation Department of the Tokyo District Public Prosecutors Office.

2. As a public prosecutor, I am well-versed in Japanese criminal law and have much knowledge about and experience with criminal investigations and trials. I have much knowledge about and experience with the extraditions of criminals from my tenure as the Ministry of Justice's representative in the United States and the Deputy Director of the International Affairs Division, Criminal Affairs Bureau, Ministry of Justice.

3. I am investigating Carlos Ghosn Bichara (Ghosn) for alleged violations of the Financial Instruments and Exchange Act and of the Companies Act. I am also investigating Michael L. Taylor (Michael Taylor) and Peter Maxwell Taylor (Peter Taylor) for alleged violations of Article 103 of the Penal Code and of the Immigration Control and Refugee Recognition Act.

4. I make this declaration in support of Japan's request for the provisional arrest, with a view toward extradition, of Michael Taylor and Peter Taylor for violations of Article 103 of the Penal Code. The facts stated in this declaration are true to the best of my knowledge and belief.

5. As the prosecutor in charge of the investigations of Michael Taylor and Peter Taylor, I was satisfied that there was sufficient evidence in these cases to seek arrest warrants for them for enabling the escape of Ghosn, in violation of Article 103 of the Penal Code, and for the separate offense of accessoryship of violation of the Immigration Control and Refugee Recognition Act (Article 71, 25 II), considering the relevant law and available evidence. The Tokyo District Court's judge agreed and, after determining that there was probable cause that Michael Taylor and Peter Taylor committed violations of Article 103 – enabling the escape of criminals – and the Immigration Control and Refugee Recognition Act (Article 71, 25 II), issued arrest warrants for them on January 30, 2020. Because Michael Taylor and Peter Taylor remained fugitives, the Tokyo District Court's judge renewed arrest warrants for them for violations of Article 103 and Immigration Control and Refugee Recognition Act (Article 71, 25 II) on February 28, 2020. Japan then submitted to the United States provisional arrest requests that relied on Article 103 of the Penal Code as the basis.

6. Article 200 I of the Code of Criminal Procedure provides that an arrest warrant must contain

certain information, including the name of the charged offense and an outline of the alleged facts of the crime; it does not require that the specific article of the Penal Code be identified. When it comes to violations of the Penal Code, the applicable penal article is identifiable based on the name of the charged offense. Therefore, in Japanese practice, when a police officer or prosecutor files a request for an arrest warrant for a violation of the Penal Code, they only write down the name of the charged offense and do not write down the corresponding penal article. By contrast, when it comes to violations of Acts other than the Penal Code, the name of the offense may not be enough to identify the applicable penal article because Acts other than the Penal Code, including the Immigration Control and Refugee Recognition Act, can have multiple types of offenses. Therefore, it is desirable and regular practice, but not required by law, that a request for an arrest warrant for violations of Acts other than the Penal Code contain the applicable penal article – for example, Immigration Control and Refugee Recognition Act (Article 71, 25 II).

7. Consistent with Japanese law, the arrest warrants for Michael Taylor and Peter Taylor attach the request for the arrest warrants and cite their contents, including the name of the Penal Code offense and an outline of the alleged facts of the crime. Specifically, the request for the arrest warrant identifies the applicable offenses: "I hereby request issuance of an Arrest Warrant against the person specified below on the alleged harboring of criminals and accessoryship of violation of the Immigration Control and Refugee Recognition Act (Article 71, 25 II) case." Consistent with Japanese law and practice, the request for the arrest warrant names the Penal Code offense – the Japanese word "犯人隠避" ("*han-nin-inpi*")[1] – which is covered by Article 103 and identifies the penal article of the Immigration Control and Refugee Recognition Act – "Article 71, 25 II." "Article 103" of the Penal Code was not written in the requests for arrest warrants or the arrest warrants because the applicable article can be identified based on the name of the offense. By contrast, the applicable article of the Immigration and Refugee Recognition Act was included because without it, the offense violated would be unclear.

8. The conduct of Michael Taylor and Peter Taylor, as described in the arrest warrant requests and as will be more fully detailed in the extradition requests, constitutes the crime of enabling the escape of criminals pursuant to Article 103 of the Penal Code. Article 103 of the Penal Code states, "A person who harbors or enables the escape of another person who has either committed a crime punishable with a fine or greater punishment or has escaped from confinement shall be punished by imprisonment with work for not more than 3 years or a fine of not more than 300,000 yen."

9. The words, "enables the escape", or "隠避[2]" ("*inpi*") , under Article 103 of the Penal Code, mean

---

[1] The Japanese word "犯人隠避" ("*han-nin-inpi*") can be translated into "harboring of criminals," or more precisely, "enabling the escape".

[2] This Japanese word, "隠避" ("*inpi*"), is the same word used in "犯人隠避" ("*han-nin-inpi*") in the

committing any acts that impede the arrest or detection by government officials, other than "蔵匿" ("*zoutoku*"), which means harboring criminals by the specific act of providing a place to avoid the arrest or detection by government officials (Judgment of Supreme Court, September 18, 1930, Kei-Shu vol. 9 p. 668). For example, court precedents in Japan establish that a person "enables the escape" by (i) providing money and lending a car for escape (Judgment of Tokyo District Court, February 16, 1999, hanji vol. 1000, p. 325); and (ii) driving a criminal to a hideout (Judgment of Supreme Court, March 17, 1960, Kei-Shu vol. 14, No. 3, p. 351).

10. Reliance on other articles of the Penal Code to define "enables the escape" ("隠避" ("*inpi*")) under Article 103 is inappropriate. Michael Taylor and Peter Taylor enabled the escape of another person "who has committed a crime punishable with a fine or greater punishment", not "who has escaped from confinement". Although Articles 97 and 98 of the Penal Code use a Japanese word "逃走" ("*toso*") [3] that translates into "escape" and has the same concepts as "escaped from confinement", this concept of "escape" is irrelevant to the concept of "escape" used in "enables the escape" in Article 103, which is an English translation of "隠避" ("*inpi*").

11. Michael Taylor and Peter Taylor enabled the escape of Ghosn through several acts:
    - Receiving the luggage, which was delivered from Ghosn's house to the Grand Hyatt Tokyo, and providing a place for Ghosn to change his clothes at the hotel;
    - Escorting Ghosn from the Grand Hyatt Tokyo to the Star Gate Hotel Kansai Airport in Osaka;
    - In the Star Gate Hotel Kansai Airport, hiding Ghosn inside a black musical equipment box;
    - Travelling from the Star Gate Hotel to the premium gate called "Tamayura" at the Kansai International Airport;
    - Having the employees of the airport, who had no knowledge of their plan, clear the embarkation procedure with Ghosn hidden inside the black box and putting the black box on board of the jet (Flight TCTSR) operated by MNG Jet; and
    - Departing the airport with Ghosn by Flight TCTSR and then leaving Japan's territory.

12. "[A]nother person who has…committed a crime punishable with a fine or greater punishment", under the court precedents in Japan, includes a person who is under investigation on suspicion of such crime (Judgment of Supreme Court, August 9, 1949, Kei-Shu vol. 3, No. 9, p. 1440) and a person whose criminal case is pending before the court after the indictment (Judgment of Tokyo

---

arrest warrants for Michael Taylor and Peter Taylor.

[3] This word was mistakenly cited as "逃亡" ("*tobo*") in the footnote 5 of Defendants' Motion to Quash Arrest Warrants or, in the Alternative, for Release Pending Final Disposition on Request for Extradition. To the extent the Japanese word, "逃走" ("*toso*"), or "escape", was used in the arrest warrants for Michael Taylor and Peter Taylor, it was used as a colloquial expression, rather than as a legal term.

High Court, April 5, 1984, Koken Sokuho No.2714). It does not matter whether the person is kept in custody or not: a person who is on bail after indictment still constitutes "another person who has...committed a crime" (Judgment of Osaka District Court, May 10, 2000 (defendant was indicted for and convicted of enabling the escape of another person who had committed a crime, in violation of Article 103 of the Penal Code, after enabling a person, who had been indicted for violations of the Commercial Act and the Corporation Tax Act and had not been confined, to abscond by providing the person with a credit card so that the person could stay at a hotel under a pseudonym(the defendant's name)). Ghosn is "another person who has … committed a crime" because he was indicted for violations of the Financial Instruments and Exchange Act and the Companies Act and his criminal case was pending before the court. To the best of my knowledge, no Japanese court has held that Article 103 cannot apply to a person enabling the escape of another person whose criminal case is pending before the court after the indictment and who has been released on bail.

13. It does not matter whether Ghosn himself could be tried and convicted for committing a separate offense in connection with his flight from Japan, although there is a warrant for his arrest based on violating Japanese immigration laws. A person who commits the crime of enabling the escape under Article 103 shall be punished as a principal, not an accessory to another person who escapes, because Article 103 intends to punish a person who enables the escape on the basis that the person has obstructed Japan's administration of justice. (supra, Judgment of Supreme Court, August 9, 1949). As both Michael Taylor and Peter Taylor committed enabling the escape as a principal, not an accessory, Article 63 of the Penal Code is not applied to the violation of Article 103 in this case.

June 16, 2020

                                    Tokyo District Public Prosecutors Office
                                    Public Prosecutor

                                    Naoki WATANABE

説明書

1. 本職の国籍及び居住地は日本である。

　　１９９７年１０月に日本の司法試験に合格した後，２０００年４月に検察官に任官した。

　　２０１１年から２０１４年の間，米国における法務省の代表として在米国日本大使館一等書記官として勤務していた。２０１６年から２０１９年にかけて，法務省刑事局国際刑事企画官を務めていた。

　　２０１９年４月からは，東京地方検察庁特別捜査部に検察官として勤務している。

2. 本職は，検察官として，日本の刑事法に精通するとともに，刑事事件の捜査・公判に関する豊富な知識・経験を有している。

　　また，米国での法務省の代表及び法務省刑事局国際刑事企画官の職にあったことから，犯罪人引渡しについての豊富な知識・経験を有している。

3. 本職は，カルロス・ゴーン・ビシャラ被告人（以下「ゴーン被告人」という。）の金融商品取引法違反及び会社法違反事件についての捜査に従事し，また，被疑者マイケル・Ｌ・テイラー（以下「被疑者マイケル」という。）及び被疑者ピーター・マクスウェル・テイラー（以下「被疑者ピーター」という。）の刑法１０３条違反及び出入国管理及び難民認定法違反事件についての捜査にも従事している。

4. 本職は，本説明書を，被疑者マイケル及び被疑者ピーターの刑法１０３条違反についての仮拘禁請求（引渡しを見据えたもの）を補強するものとして作成する。

　　本説明書に記載した事実は，本職が把握し，真実と信じるものに忠実に沿ったものである。

5. 被疑者マイケル及び被疑者ピーターに対する捜査を担当するものとして，本職は，関連法令及び収集した証拠に照らし，ゴーン被告人に関係する犯人隠避（刑法１０３条）及び出入国管理及び難民認定法違反幇助（同法７１条，２５条２項）の各事実により被疑者マイケル及び被疑者ピーターに対する逮捕状の発付を求めるのに十分な証拠があると判断した。

　　東京地方裁判所裁判官も，被疑者マイケル及び被疑者ピーターが犯人隠避（刑法１０３条），出入国管理及び難民認定法違反幇助（同法７１条，２５条２項）を犯したと疑うに足りる相当な理由があると判断した上で，本職の判断に同意し，２０２０年１月３０日に，被疑者両名に対する逮捕状を発付した。

　　被疑者マイケル及び被疑者ピーターの逮捕に至らなかったことから，東京地方裁判所裁判官は，同年２月２８日，被疑者両名に対する犯人隠避（刑法１０３条）及び出入国管理及び難民認定法違反幇助（同法７１条，２５条２項）被疑事件についての逮捕状を更新した。

　　その後，我が国は，刑法１０３条を根拠に，アメリカ合衆国に対して仮拘禁要請を提

出した。

6. 刑事訴訟法２００条１項は，逮捕状の記載事項として，罪名，被疑事実の要旨等の記載を必要的としているが，罰条については必要的記載事項とはしていない。

　刑法犯については，罪名を記載すれば，罰条の特定が可能である。したがって，日本の実務上，司法警察員や検察官が逮捕状を請求する際には，罪名のみを記載し，罰条を記載しないのが通常である。

　他方，特別法違反の場合には，出入国管理及び難民認定法を含む多くの特別法が複数の犯罪類型を規定していることから，罪名だけでは適用される条文の特定には不十分とも言える。そこで，法律上は要求されていないものの，罰条を記載するのが望ましいとされ，実務上もそうされており，「出入国管理及び難民認定法違反幇助（同法７１条，２５条２項）」というのはその一例である。

7. 日本の法令に従い，被疑者マイケル及び被疑者ピーターに対する逮捕状には，逮捕状請求書が添付され，罪名，被疑事実の要旨等の記載が引用されている。

　特に，逮捕状請求書は，罪名に関して，「下記被疑者に対し，犯人隠避，出入国管理及び難民認定法違反幇助（同法７１条，２５条２項）被疑事件につき，逮捕状の発付を請求する。」と特定している。

　日本の法令と実務に従い，逮捕状請求書は，刑法犯である犯人隠避[1]を罪名で記載し（罰条は刑法１０３条），出入国管理及び難民認定法については罰条（同法７１条，２５条２項）も記載している。刑法１０３条が逮捕状にも逮捕状請求書にも書かれていないのは，罪名から適用される条文の特定が可能だからである。

　他方で，出入国管理及び難民認定法については罰条まで記載されているのは，罰条がないとどの罪を犯したのか不明確だからである。

8. 逮捕状請求書に記載され，また，引渡請求書により詳細に記載されることになる，被疑者マイケル及び被疑者ピーターの行為は，刑法１０３条に規定された犯人隠避に該当する。

　刑法１０３条は，「罰金以上の刑に当たる罪を犯した者又は拘禁中に逃走した者を蔵匿し，又は隠避させた者は，三年以下の懲役又は三十万円以下の罰金に処する。」と規定している。

9. 刑法１０３条の「隠避させた」[2]とは，蔵匿（官憲の逮捕・発見を免れるべき場所を提供して犯人をかくまうこと）以外の方法により，官憲の逮捕・発見を免れさせる一切の行為をいうと解されている（大判昭５・９・１８刑集９巻６６８頁）。

　過去の裁判例において「隠避させた」に当たるとされた例として，①逃走資金を供与

---

[1] 「犯人隠避」の英訳としては，「harboring of criminals」か，より正確には「enabling the escape」が考えられる。
[2] ここでいう「隠避」は，被疑者マイケル及び被疑者ピーターの逮捕状に記載されている「犯人隠避」に使われている単語と同様である。

し，かつ，逃走用の自動車１台を貸し渡した行為（東京地判平成１１・２・１６判時１０００号３２５頁），②犯人をハイヤーに乗せて潜伏予定場所まで送った行為（最判昭３５・３・１７刑集１４巻３号３５１頁）などがある。

10. 刑法１０３条の「隠避」の定義付けについて，刑法の他の規定に依拠することは不適切である。

    まず，被疑者マイケル及び被疑者ピーターが隠避したのは，「罰金以上の刑に当たる罪を犯した者」であって，「拘禁中に逃走した者」ではない。

    刑法９７条及び９８条で使われている「逃走」（英訳は「escape」）[3]は「拘禁中に逃走した者」と同様の意味合いで使われているが，ここでいう「逃走」の訳語としての「escape」の意義は，１０３条の「隠避させ」の訳語である「enables the escape」で使われている「escape」とは無関係である。

11. 被疑者マイケル及び被疑者ピーターは，以下のような様々な行為により，ゴーン被告人を隠避させた。

    - ゴーン被告人方からグランドハイアット東京まで運搬されてきた荷物を受け取り，グランドハイアット東京においてゴーン被告人に更衣を行う場所を提供した
    - グランドハイアット東京から大阪のスターゲイトホテル関西エアポートまでゴーン被告人を護衛しつつ案内した
    - スターゲイトホテル関西エアポートにおいて，ゴーン被告人を黒い音響機器用の箱の中に隠した
    - スターゲイトホテルから関西国際空港内のプレミアムゲート玉響に移動した
    - 情を知らない空港職員らをして，上記黒い箱内にゴーン被告人を隠したまま保安検査場を通過させて，同箱をＭＮＧジェット航空が運航するＴＣＴＳＲ便の航空機内に持ち込ませた
    - ゴーン被告人と共に前記ＴＣＴＳＲ便に搭乗して関西国際空港を離陸し，その後，本邦の領域外に出た

12. 我が国の裁判例上，「罰金以上の刑に当たる罪を犯した者」には，有罪判決を受けた者に限られず，犯罪の嫌疑によって捜査中の者も含まれるし（最判昭２４・８・９刑集３巻９号１４４０頁），起訴されて公判係属中の者も含まれると解されている（東京高判昭５９・４・５高検速報２７１４号）。

    そして，「罪を犯した者」が身柄を拘束されているか否かは問わないし，起訴後，保釈逃亡中の者であっても「罪を犯した者」に該当する（大阪地判平成１２・５・１０。商法違反及び法人税法違反の各罪により起訴され，身柄拘束されていなかった者につき，その収監を免れさせるため，同人が偽名（被告人名）でホテルに宿泊するためのク

---

[3] 被疑者側の申立書の脚注５では，「逃亡」と間違って引用されている。なお，被疑者マイケル及び被疑者ピーターの逮捕状の中に出てくる「逃走」は，法律用語としてのものではなく，日常用語として使用されているものである。

レジットカードを提供した被告人が，犯人隠避の罪で起訴され，有罪判決を言い渡された。）。

　ゴーン被告人は，金融商品取引法違反及び会社法違反の事実で起訴され，公判係属中であった者であり，「罰金以上の刑に当たる罪を犯した者」に該当する。

　本職の把握する限り，起訴されて公判係属中に保釈された者を隠避させた者に，刑法１０３条が適用されないと判示した国内の裁判例は存在しない。

13.　ゴーン被告人に対して，日本の出入国管理に関する法令に違反したとして逮捕状が発付されているが，ゴーン被告人自身が日本からの逃亡に関して別の罪で起訴されるかどうかや，有罪となるかどうかは，本来関係のないことである。

　刑法１０３条が隠避させた者を処罰するのは，我が国の刑事司法作用を妨害したという点において可罰性があるとされており（前記最判昭２４・８・９），刑法１０３条に規定する犯人隠避を犯した者は，逃亡した者の幇助犯としてではなく，正犯として処罰されるのである。

　被疑者マイケル及び被疑者ピーターは，正犯として犯人隠避を犯しているので，刑法６３条は本件の刑法１０３条違反に適用されない。

２０２０年６月１６日

東京地方検察庁
検察官検事

渡部直希